[No. 8475.  Department Two.  March 25, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. L. DECHMANN, *Appellant*.[1]

PHYSICIANS AND SURGEONS—PRACTICING WITHOUT LICENSE—INFORMATION—SUFFICIENCY. An information charging the practicing of medicine without a license, in the language of the statute, is sufficient without setting forth requirements for obtaining the license which are not made a part of the substantive crime, and without pleading matters made by the statute *prima facie* evidence of the fact that the accused had no license.

SAME—LICENSE—FILING—RESIDENCE OF DEFENDANT—FAILURE OF PROOF. In a prosecution for practicing medicine without a state license filed of record in the county of defendant's residence, there is a failure of proof where the state fails to show the residence of the defendant, although it was shown that he practiced medicine in the county charged without any license filed in such county.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 1, 1909, upon a trial and conviction of the crime of practicing medicine without a license. Reversed.

*Million & Houser* and *George Friend*, for appellant.

DUNBAR, J.—On March 1, 1909, the state of Washington, by and through George F. Vanderveer, prosecuting attorney in and for the county of King, filed its information against the appellant, the charging part of which is as follows:

"He, said L. Dechmann, in the county of King, state of Washington, on the 7th day of July, A. D. 1908, did then and there wilfully and unlawfully practice medicine without a license, in that he, said L. Dechmann, did then and there wilfully and unlawfully, for a fee, prescribe, direct and recommend for the use of one George A. Morton, certain drugs and medicines for the treatment, care and relief of certain bodily infirmities and disease of said George A. Morton, and did then and there wilfully and unlawfully assume the title of doctor, without first having obtained from the state medical

[1]Reported in 107 Pac. 858.

examining board of the state of Washington a license therefor as required by law, and without having filed such license or a certified copy thereof with the county clerk of said King county, state of Washington, said L. Dechmann not having registered in the office of the auditor of said King county as a practitioner of medicine or surgery as provided for by chapter CLXIX of the code of Washington (1881) and the acts amendatory thereof, and not having on said 7th day of July, A. D. 1908, or prior thereto, filed in the office of the auditor or of the clerk of said King county any copy or any transcript of any such registration in any other county than said King county in said state of Washington."

A demurrer was interposed to this information, which was overruled; the cause went to trial, and a verdict was rendered in the case. Judgment was entered and appeal followed.

This is another of those oft-recurring cases where the state is not represented by the prosecuting officers. We think the demurrer was properly overruled. While all the evidentiary provisions of the law are not set forth in the information, it does charge defendant in plain language with wilfully and unlawfully practicing medicine without a license, in King county, in the state of Washington. The statute provides, Laws 1901, p. 47, § 3, that:

"Any person practicing medicine or surgery or either of its or their branches within this state without first having obtained, and filed the license provided for in this act, or contrary to the provisions of this act, shall be deemed guilty of a misdemeanor," etc.

It is true that the statute proceeds to set forth a great many requirements, but they are in no way connected with, or made a part of, the substantive crime charged, viz., practicing medicine without a license. But as we have said before, and as is stated in plain words in the statute itself, following the language just above quoted:

"In all prosecutions under the provisions of this act, evidence that the defendant has failed to file a license with the county clerk as herein required, shall be *prima facie* evidence

that the defendant is not a legally licensed practitioner."
Laws 1901, p. 47, § 3.

Provisions follow which are simple rules of evidence and in
no sense a part of the crime.

But we think there was such a failure of proof in this case
as will necessitate a reversal of the judgment. There was
proof that the defendant had practiced medicine in King
county, and that he had treated one George A. Morton,
mentioned in the information. There was also proof that no
license had been filed in King county. But there was no sub-
stantial proof, upon which a judgment could be based, that
the defendant was a resident of King county at the time of
this alleged treatment of Morton, viz., on the 7th day of July,
A. D. 1909; and, under the law, the failure to file the license
in a county other than the county in which the defendant
resides would not be proof of the violation of the law or the
commission of the crime charged, because it is not one of the
requirements of the statute that the practitioner should file
the license in counties other than the one where he resides,
even though he might be called to another county for the pur-
pose of practicing his profession temporarily. It would seem
that it would have been an easy matter, if such were the fact,
to prove by direct and convincing testimony that the defend-
ant was a resident of King county on the 7th day of July,
1909; but such testimony was not produced, and all the posi-
tive testimony that there is in the record is to the effect that,
at that particular time, the defendant was a resident of Sno-
homish county.

For this reason the judgment will be reversed, and the court
instructed to grant appellant's challenge to the sufficiency
of the evidence.

RUDKIN, C. J., PARKER, MOUNT, and CROW, JJ., concur.